KATHLEEN HARTNETT (SBN 314267)
khartnett@bsfllp.com
BOIES SCHILLER FLEXNER LLP
435 Tasso Street, Suite 205
Palo Alto, California 94301
Telephone: (650) 798-3508
Facsimile: (650) 329-8507

BEKO REBLITZ-RICHARDSON (SBN 238027)
brichardson@bsfllp.com
NASRINA BARGZIE (SBN 238917)
nbargzie@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, California 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

*Attorneys for Petitioners Joseph Liu and Emmy Liu*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Joseph Liu and Emmy Liu, | Case No. |
| *Petitioners*, | **PETITION TO QUASH SUMMONS** |
| v. | |
| United States of America, | |
| *Respondent*. | |

## **PETITION TO QUASH SUMMONS**

1. Petitioners Joseph Liu and Emmy Liu bring this Petition pursuant to 26 U.S.C. § 7609(b)(2) to quash a summons (the "Summons") issued by the Department of the Treasury Internal Revenue Service ("IRS") to Oplink Communications, LLC ("Oplink").

### I. INTRODUCTION

2. The IRS issued the Summons to Oplink, with a return date of October 16, 2017, in connection with its audit of Petitioners' federal income tax returns for the taxable years 2007-2011 (the "Audit"). Declaration of Kathleen Hartnett ("Hartnett Decl.") Ex. 1 (copy of the Summons). Petitioner Joseph Liu was employed by Oplink from 2002 to January 4, 2015, and used his Oplink email address to communicate about topics covered by the Summons. Declaration of Joseph Liu ("Liu Decl.") ¶¶ 2, 5. Accordingly, Oplink likely has responsive documents concerning Petitioners on Oplink's email system.

3. Through this Petition, Petitioners seek the ability to review responsive documents prior to their production by Oplink so that they may assert applicable privileges held by Petitioners. Mr. Liu used his Oplink email account to correspond with attorneys and tax professionals throughout his time at Oplink, including in connection with the Audit, and did so with the expectation that those communications were privileged and confidential. *Id.* ¶ 2. In this situation, as explained below, courts allow parties with a potential privilege to review documents before production, so that they can assert personal privileges and other protections and submit a privilege log.

4. Counsel for Petitioners communicated with counsel for Oplink, and Oplink does not currently take a position on the relief requested by Petitioners but Oplink is currently considering the request. Hartnett Decl. ¶ 5. Counsel for Petitioners have also contacted the IRS and the IRS has not yet stated a position regarding Petitioners' requested relief. *Id.* ¶ 6.

### II. JURISDICTION, STANDING AND VENUE

5. This Court has jurisdiction over this proceeding and venue is proper pursuant to 26 U.S.C. § 7609(h)(1) because Oplink is located in Fremont, California. The Summons was

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

issued to Oplink, Attn: Peter Lee, President, at Oplink's Fremont business address, 46360 Fremont Boulevard, Fremont, California 94538. Hartnett Decl. Ex. 1. Petitioners reside in Atherton, California. Liu Decl. ¶ 14.

6. Petitioners have standing to file this Petition. "[A]ny person who is entitled to notice of a summons" under the relevant statutory provision may "begin a proceeding to quash such summons not later than the 20th day after the day such notice is given." 26 U.S.C. § 7609(b)(2)(A). Petitioners were entitled to receive, and did receive, the "notice of a summons" referred to in this provision, and the Summons "requires . . . the production of any portion of records made or kept on or relating to" Petitioners. *Id.* § 7609(a)(1). Specifically, the Summons seeks production of emails "to or from" Petitioners. Hartnett Decl. Ex. 1.

7. This Petition is timely brought within twenty (20) days after the IRS mailed notice to Petitioners on September 14, 2017. *Id.*; 26 U.S.C. § 7609(b)(2)(A).

8. The IRS will be served pursuant to 26 U.S.C. § 7609(b)(2)(B) by sending a copy of this Petition and the supporting declarations by registered or certified mail to Sarah Ho, Internal Revenue Service, 450 Golden Gate Avenue, M/S 6107, San Francisco, California 94102. Oplink will be served pursuant to 26 U.S.C. § 7609(b)(2)(B) by sending a copy of this Petition and the supporting declarations by registered or certified mail to Oplink Communications, LLC Attn: Peter Lee, President, 46360 Fremont Boulevard, Fremont, California, 94538. Finally, the United States of America will be served pursuant to Federal Rule of Civil Procedure 4(i).

### III. INTRADISTRICT ASSIGNMENT

9. Assignment to the Oakland division is proper pursuant to Civil L.R. 3-2(d) because the Summons was issued to Oplink at its business address in Fremont, in Alameda County.

### IV. FACTUAL BACKGROUND

10. The IRS began an Audit of Petitioners in early 2012 for the taxable year 2008. Liu Decl. ¶ 3. That Audit has been ongoing for more than five years, from 2012 to the present, and was eventually expanded to cover the taxable years 2007-2011. *Id.* Over the course of the

Audit, Petitioners have produced requested documents to the IRS in a timely manner. *Id.* ¶ 6. Petitioners have to date produced thousands of pages of documents. *Id.*

11. On September 14, 2017, the IRS issued the Summons to Oplink, Mr. Liu's former employer, seeking several categories of emails with no date restriction. Hartnett Decl. Ex. 1. Many if not all of the categories are likely to capture emails subject to a legitimate claim of privilege or other protections by Petitioners. Mr. Liu used his Oplink email account to correspond with attorneys throughout his time at Oplink, from 2002 through January 4, 2015. Liu Decl. ¶ 5. That included his attorneys at Greenberg Traurig LLP, after he engaged Greenberg Traurig LLP in April 2013, and also the professionals Greenberg Traurig LLP engaged to assist with that representation. *Id.* ¶¶ 4, 5. In addition, two of the categories of emails at issue in the Summons specifically concern the establishment of two relationships related to Mr. Liu's attorney client relationship with Greenberg Traurig LLP, which currently represents Mr. Liu. Hartnett Decl. Ex. 1 "Attachment 1: Documents to Be Produced" ¶¶ 14-15; Liu Decl. ¶¶ 4, 8.

12. Oplink has not yet provided Petitioners with access to documents that Oplink deems responsive or potentially responsive to the Summons. Hartnett Decl. ¶ 7. As a result, Petitioners do not yet know exactly the volume of privileged communications, or the full scope of potentially applicable privileges, and they would need to review the documents at issue in order to make that determination. Liu Decl. ¶¶ 12-13.

13. Petitioners' counsel contacted counsel for Oplink, and Oplink does not currently have a position on the relief requested by Petitioners but Oplink is considering the request. Hartnett Decl. ¶ 5. Petitioners' counsel also contacted the IRS, and the IRS has not yet stated a position regarding Petitioners' request to review documents prior to production by Oplink. *Id.* ¶ 6.

**V.   LEGAL STANDARD**

14. To determine whether a petition to quash an IRS summons should be granted, courts consider whether: (1) the investigation is conducted for a legitimate purpose; (2) the

1  material sought is relevant to that purpose; (3) the IRS is not already in possession of the

2  materials sought; and (4) the IRS has complied with applicable administrative requirements.

3  *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *Ponsford v. United States*, 771 F.2d 1305,

4  1307 (9th Cir. 1985). In addition, an IRS summons can be challenged on any appropriate

5  ground, including that the summons seeks documents protected by the attorney client privilege or

6  other protections. *Reisman v. Caplin*, 375 U.S. 440, 449 (1964).

## VI. ARGUMENT

16. Petitioners do not seek to delay or impede any IRS investigation or the production of documents from Oplink. To the contrary, they respectfully request a narrow and reasonable form of relief: the ability to prepare and provide a privilege log prior to any production by Oplink, to protect their personal privileges in documents at Oplink. Petitioners have worked with the IRS for years in connection with the Audit and produced thousands of pages of documents to the IRS. Liu Decl. ¶¶ 3, 6. Petitioners do not oppose the production of documents from Oplink in which they do not have a privilege or other protection. Given the broad scope and nature of the Summons, however, Petitioners file this Petition to ensure that they have an opportunity to assert any personal privileges or other protections before Oplink produces documents. This approach is both reasonable and consistent with the relevant legal framework.[1]

### A. Courts May, And Do, Permit Parties Such As Petitioners To Prepare And Provide A Privilege Log Prior To A Third-Party Production

16. Federal Rule of Civil Procedure 26(b)(5) articulates a process for asserting the attorney client privilege and other protections in response to document requests, whereby parties provide specific information often in the form of a privilege log. Here, the Summons specifies the information to be provided if "any document or portion of any document (and any associated

---

[1] Petitioners are unable to assert specifically any privileges and other protections on a document-by-document basis, because they have not received access to any responsive documents. To the extent deemed required, Petitioners hereby assert and do not waive any privilege or protection for any document responsive to the Summons, including without limitation the attorney client privilege and work product protection for all communications with or at the direction any attorney relating to the Audit.

attachment) is withheld on the grounds of privilege or claims protection (such as, attorney-client, I.R.C. §7525 [tax practitioner privilege], or attorney work product), or for any other reason[.]" Hartnett Decl. Ex. 1 "Attachment 1: Instructions and Definitions" ¶ 3.  With this Petition, Petitioners seek the ability to prepare a privilege log for documents responsive to the Summons that implicate Petitioners' privileges or other protections, consistent with the requirements of the Summons.

17.  Petitioners' request is consistent with the relief courts have granted in similar circumstances.  For example, in *Madrigal v. Kleberg County*, No. 2:15-cv-345, 2016 WL 3346522, at *1 (S.D. Tex. June 15, 2016), Madrigal sued Kleberg County alleging sex discrimination and workplace harassment.  Madrigal subpoenaed documents from Escobar, a former county judge, and Collin, the former county attorney.  *Id.*  Citing work product and attorney client privilege, the County moved for entry of a protective order and to modify the subpoena to allow the County to inspect any documents Escobar or Collin intended to produce before production to Madrigal.  *Id.*  The court held that the County was allowed to inspect the documents before production to Madrigal, recognizing that the County had legitimate privilege concerns.  *Id*. at *2.

18.  Courts routinely grant such relief.  *See, e.g.*, *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 3:15-cv-01300-JMC, 2017 WL 1314266, at *3 (D.S.C. Apr. 10, 2017) (ruling that plaintiff should be accorded the opportunity and "reasonable time to review the documents" sought from a third party by defendant for privilege); *River House Partners, LLC v. Grandbridge Real Estate Capital LLC*, No. 15-58-BAJ-RLB, 2016 WL 3747613, at *5 (M.D. La. July 11, 2016) (finding it "appropriate to require the third-party Accountants to first provide any responsive documents to Plaintiff's counsel for review for information protected by the account-client privilege and for the creation of a log pursuant to Rule 26(c)(1)(C)"); *Solis v. Bruister*, No. 4:10-cv-77-DPJ-FKB, 2013 WL 493374, at *1 (S.D. Miss. Jan. 22, 2013) (court granted defendants opportunity to review third-party documents for privilege purposes before production to plaintiff).

19. Parties often also agree to this procedure, which courts then adopt. *See, e.g.*, *Al Noaimi v. Zaid*, No. 11-1156-EFM, 2012 WL 4758048, at *2 (D. Kan. Oct. 5, 2012) (approving procedure where defendants agreed to amend subpoenas to allow plaintiffs to receive documents at issue from third party for plaintiffs to review before production to defendants).

### B. Permitting Petitioners To Prepare And Provide A Privilege Log Is Necessary And Appropriate Given The Scope Of The Summons

20. The Summons seeks production by Oplink of all emails "to or from" Petitioners and Janey Lin[2] regarding various topics, including in part topics relating to the Audit and certain "attorney client relationship" related emails. Hartnett Decl. Ex. 1. Petitioners have not yet been able to review any of the requested documents, *Id.* ¶ 7; Liu Decl. ¶ 12, but believe that the set of requested emails likely includes documents protected from disclosure by the attorney client privilege, the work product doctrine, the tax practitioner privilege, and possibly other protections and privileges, Liu Decl. ¶ 8. Without the ability to review those documents and prepare a privilege log prior to production, Petitioners have no practical ability to assert and ensure the proper enforcement of these important privileges and protections.

21. Privileges applied in the context of federal law are governed by federal common law. *United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009). The attorney client privilege is well established, and "protects confidential disclosures made by a client to an attorney in order to obtain legal advice" and an "attorney's advice in response to such disclosures." *Id.* at 607 (quoting *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)). The tax practitioner privilege extends the federal common law protections attendant to the attorney client privilege to tax practitioners who provide tax advice. 26 U.S.C. § 7525. Finally, the work product doctrine protects against disclosure of documents prepared in anticipation of litigation. Fed. R. Civ. P.

---

[2] Ms. Lin also worked for Oplink, where she was Mr. Liu's executive assistant. Liu Decl. ¶ 4. Petitioners' attorneys at Greenberg Traurig LLP retained both Ms. Lin and Deloitte to act with and at the direction of Greenberg Traurig LLP in connection with the Greenberg Traurig LLP's representation of the Lius. *Id.*; *see United States v. Kovel*, 296 F.2d 918, 921-22 (2d Cir. 1961) (attorney client privilege applies to communications between a client and a third party hired by an attorney to provide services to the client).

26(b)(3); *Upjohn Co. v. United States*, 449 U.S. 383, 398 (1981); *United States v. Richey*, 632 F.3d 559, 567-568 (9th Cir. 2011); *United States v. Roxworthy*, 457 F.3d 590, 600 (6th Cir. 2006) (internal citations omitted) (noting that "[a]lthough not every audit is potentially the subject of litigation . . . a document prepared 'in anticipation of 'dealing with the IRS' . . . may well have been prepared in anticipation of an administrative dispute and this may constitute 'litigation' within the meaning of Rule 26.'").

22. As detailed in his declaration, Mr. Liu was the CEO of Oplink from 2002 through January 4, 2015, and he used his Oplink email account to communicate with attorneys and tax practitioners regarding various matters, including but not limited to his attorneys in connection with the Audit. Liu Decl. ¶ 5. Mr. Liu is unaware of any Oplink policy prohibiting the use of his Oplink email account in connection with those matters or any monitoring of his Oplink-issued email. *Id.* ¶ 11. Mr. Liu reasonably believed that his communications with attorneys and at the direction of attorneys were confidential, as were certain communications by Ms. Lin at the direction of counsel, and that he and his attorneys would have the opportunity to assert any relevant privileges or protections. *Id.* ¶¶ 9, 12.

23. Although Petitioners have not yet had the opportunity to review documents currently in the possession of Oplink, Petitioners reasonably believe that communications in which Petitioners have privileges or other protections, such as the attorney client privilege, the tax practitioner privilege, and the work product doctrine, are in Oplink's possession and responsive to the Summons. *Id.* ¶ 8. Petitioners thus should be granted the opportunity to review those documents prior to production by Oplink, so that they may assert their privileges and protections. Without the ability to review those documents, there is no effective mechanism for Petitioners to assert and ensure the enforcement of those important privileges and protections.[3]

---

[3] The IRS has not asserted any waiver by Petitioners, and there was no such waiver. To the extent the IRS intends to challenge any privilege assertion by Petitioners, that should take place after Petitioners have the opportunity to specifically assert any privileges on a document-by-document basis.

**C. Petitioners' Preparation Of A Privilege Log Can Be Done Efficiently In Coordination With Oplink And The IRS**

24. Petitioners' counsel contacted Oplink's counsel regarding this Summons; Oplink does not currently have a position on the relief requested by Petitioners but is considering the request. Hartnett Decl. ¶ 5. Petitioners' counsel also contacted the IRS, and the IRS has not yet stated any position regarding Petitioners' request to review documents prior to production by Oplink. *Id.* ¶ 6.

25. Counsel for Petitioners will continue to be in touch with counsel for Oplink and the IRS to attempt to resolve the issues addressed by this Petition in a consensual manner. However, Petitioners file this Petition to preserve Petitioners' rights. Petitioners respectfully submit, and will emphasize in counsel's conversations with counsel for Oplink and the IRS, that Petitioners' review and production (including of a privilege log) can be conducted efficiently, without causing any undue delay for either Oplink or the IRS.

**VII. CONCLUSION**

26. For these reasons, Petitioners respectfully request that the Court enter an order quashing the Summons and requiring the IRS to permit Petitioners to review responsive documents from Oplink prior to production and to provide a privilege log to Respondent as necessary.

Dated: October 4, 2017                    BOIES SCHILLER FLEXNER LLP

                                          By: */s/ Kathleen Hartnett*
                                              Kathleen Hartnett

                                          *Attorneys for Petitioners, Joseph Liu and Emmy Liu*